UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-cv-11388-DJC |
| ) | |
| STATE OF MASSACHUSETTS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

**CASPER, J.**                                                                                              **December 7, 2020**

For the reasons stated below, the Court orders that this action be DISMISSED.

On July 22, 2020, *pro se* plaintiff Lauren Greene ("Greene") filed a lengthy complaint concerning matters broadly related to her psychiatric commitment proceedings, mental health treatment, and access to her minor son. D. 1. She asserted therein (1) a claim under 42 U.S.C. § 1983 ("§ 1983") challenging the constitutionality of Mass. Gen. L. c. 123, § 8(d); (2) a personal injury claim; and (3) a medical malpractice claim.

In an Order dated October 16, 2020, D.6, the Court held that Greene's complaint was deficient for a number of reasons. D. 6 at 5-13. The Court stated that, in the absence of any viable federal claim or diversity of citizenship, the Court would decline to exercise supplemental jurisdiction over the state law claims. D. 6 at 13. The Court allowed Greene leave to file an amended complaint containing at least one claim over which the Court would have original jurisdiction and that such amended complaint must set forth a short and plain statement of her claim, present concise factual allegations in numbered paragraphs, and adhere to restrictions on the joinder of defendants. D. 6 at 13-14.

1

On November 19, 2020, Greene filed an amended complaint. D. 8. Although it contains some additional allegations, D. 8 at 15, 17, the amended complaint is largely identical to the original complaint and it does not state a plausible federal claim and does not comply with the requirements, arising from the Federal Rules of Civil Procedure, that the Court set forth in its October 16, 2020 Order. Even with the additional allegations that Greene added as to her treatment at McLean Hospital, D. 8 at 15, 17, the amended pleading does not state a plausible claim that Mass. Gen. L. c. 123, § 8(d) is *per se* unconstitutional and , this Court does not have federal question subject matter jurisdiction under 28 U.S.C. § 1331 and, as previously noted, D. 6 at 12-12, the Court also does not appear to have diversity subject matter jurisdiction under 28 U.S.C. § 1332. Without original jurisdiction over any claims, the Court also cannot exercise supplemental jurisdiction over any of the state claims that Greene asserts.

Thus, for the aforementioned reasons and those set forth in the Court's October 16, 2020 Order, D. 6, Greene's claims are DISMISSED without prejudice.

**So Ordered.**

    /s/ Denise J. Casper
Denise J. Casper
United States District Judge